O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    ED CV 04-00908-SGL                                        Date:  October 10, 2008

Title:         CELESTE CORNISH -v- MICHAEL J. ASTRUE
================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                                    None Present
        Courtroom Deputy Clerk                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                                               None present

PROCEEDINGS:     ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES

     The Court has reviewed plaintiff's counsel's motion for attorney fees filed pursuant to 28 U.S.C. § 406(b), and defendant's response thereto.  As set forth below, the Court **GRANTS IN PART** the motion for attorney fees.

     Because plaintiff entered into a contingency fee agreement with her counsel, the Court's analysis is guided by <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 808 (2002), which considered the effect of contingency fee agreements on motions for attorney fees brought pursuant to 28 U.S.C. § 406(b).  Therein, the Court noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . .  If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order.

<u>Id.</u> (citations omitted).

     Toward that end, the Court agrees with defendant's observation that the results obtained here are large in comparison to the amount of time counsel spent litigating plaintiff's case, and to enforce the contingency fee to its greatest extent would result in an unreasonable amount of fees. Indeed, as pointed out by defendant, that would result in an hourly rate exceeding $1,461.

ED CV 04-00908-SGL
CELESTE CORNISH v MICHAEL J. ASTRUE
MINUTE ORDER of October 10, 2008

Accordingly, the Court determines that the amount that is reasonable in light of the contingency fee agreement, the time expended, and the results achieved is the amount of attorney fees sought, reduced by 50%. This figure still results in a generous hourly rate for all hours expended and avoids the impermissible "windfall" to counsel prohibited by the Supreme Court. See id.

    Accordingly, the Commissioner shall pay to plaintiff's counsel the amount of $12,789.63 from the amount of plaintiff's benefits withheld by the Commissioner for payment of plaintiff's attorney fees.

    Plaintiff's counsel shall reimburse plaintiff the $2,655 in EAJA fees previously awarded to plaintiff's counsel. Additionally, plaintiff's counsel shall serve a copy of the Court's decision on plaintiff no later than fourteen days from the entry of this Order and file a certificate of compliance no later than fourteen days thereafter.

    **IT IS SO ORDERED.**